IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

A.B., by Her Next Friends, D.B. and K.B.,
          Plaintiff,

-vs-                                                          Case No.  A-10-CA-143-SS

BRADY INDEPENDENT SCHOOL DISTRICT,
          Defendant.

_____

**O R D E R**

BE IT REMEMBERED on the 21st day of December, 2010, the Court called a hearing in the above-styled cause on all pending matters and both parties appeared through counsel. The Court, having considered Defendant Brady Independent School District ("Defendant")'s Motion to Exclude Testimony of Plaintiff's Expert Patricia Spencer and Motion to Limit Scope of Trial [#27] Plaintiff A.B. ("Plaintiff")'s Response [#28], Defendant's Reply [#30], Plaintiff's Sur-Reply [#33], the argument at the hearing, applicable law, and the case file as a whole, the Court confirms its announcements with the following opinion and order.

**Background**

This is a case brought under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1415(i)(2) and (3). The case was filed on March 1, 2010. At the time of filing, Plaintiff, represented by her mother and father, was fourteen and in the eighth grade at Brady Middle School. She has CHARGE syndrome. This a congenital set of problems causing her to be mentally disabled, deaf, small in stature, visually impaired, and speech impaired. She is nonverbal and communicates with sign language and gestures. In July, 2009, she brought an administrative

complaint with the Texas Education Agency ("TEA") arguing she was denied a Free Appropriate Public Education when Brady ISD changed her educational placement from the San Angelo ISD Regional Day School for the Deaf to a life-skills classroom on the Brady Middle School campus without appropriate support for her deafness, blindness, and speech impairments. The Independent Hearing Officer determined the program was appropriate and Plaintiff's placement was the least restrictive placement. Plaintiff now challenges the administrative decision. Plaintiff has designated a new expert, Patricia Spencer, Ph.D., who did not testify at the administrative hearing. Defendant seeks to exclude Dr. Spencer's testimony and limit the scope of trial to the administrative record.

At the hearing the Court clearly expressed its displeasure with the lack of progress in this case. The Court offered Plaintiff an accelerated trial date at the status conference in July, 2010, in an attempt to resolve the case prior to the beginning of a new school year. Plaintiff's counsel demurred, instead requesting the case be delayed for further discovery. At this point, with trial set for April, 2011, any resolution of this case, an appeal of an administrative complaint from July 2009, will be academic, as opposed to practical. As both parties agree, Plaintiff's condition and needs have changed in the last two school years.[1] As such, whether the administrative complaint was wrongfully denied in 2008 will not influence whether such a placement would be appropriate today. The parties would do well to remember this is a case involving an actual person, a minor, whose education is at issue; it is not just a question of an abstract legal issue and attorneys' fees.

---

[1] The parties indicated at the hearing that Plaintiff's most recent ARD by Brady ISD has supported a placement in the Texas School for the Deaf where Plaintiff hopes to be enrolled within the next month. This leaves the Court to wonder exactly what issues remain in this case. If Plaintiff is placed in the Texas School for the Deaf, it seems purely academic whether the decision to place her in Brady Middle School was inappropriate two years ago.

**Analysis**

The Individuals with Disabilities Education Improvement Act ("IDEA"), allows a party to appeal the decision of an administrative hearing officer from a special education due process hearing. 20 U.S.C. § 1415(i). Specifically, the statute provides:

> In any action brought under this paragraph, the court (i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

*Id.* at § 1414(i)(2)(C).

Although the statute states that the Court shall hear additional evidence at the request of the parties, several circuits have held that limits exist to the extent of additional evidence a party may submit to the reviewing court under this "additional evidence" provision. In *Town of Burlington v. Department of Education for the Commonwealth of Massachusetts*, the First Circuit discussed the limitations of the IDEA's "additional evidence" provision. 736 F.2d 773, 790 (1st Cir.1984). The court construed the term "additional" in the ordinary sense of the word, to mean "supplemental." *Id.* "Thus construed, this clause does not authorize witnesses at trial to repeat or embellish their prior administrative hearing testimony . . . ." *Id.* The Court outlined some reasons a party may seek the opportunity to present additional evidence including:

> [G]aps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing. The starting point for determining what additional evidence should be received, however, is the record of the administrative hearing.

*Id.*

The Fifth Circuit has yet to fully address the scope of the IDEA's "additional evidence" provision. It seems clear, however, that the Fifth Circuit would adopt the *Town of Burlington* standard because it represents the majority approach. *See Indep. Sch. Dist. No. 283 v. S.D. ex rel. J.D.,* 88 F.3d 556, 561 (8th Cir.1996) (indicating that rendering a decision on the record compiled before the administrative agency is the norm); *Ojai Unified Sch. Dist. v. Jackson,* 4 F.3d 1467, 1472-73 (9th Cir.1993); *Sch. Bd. of Collier County, Fla. v. K.C.,* 285 F.3d 977, 981 (11th Cir.2002). The Fourth Circuit stated: "[a] lenient standard for additional evidence would have the consequence of making the whole IDEA process more time consuming, as parties scramble to use the federal court proceeding to patch up holes in their administrative case." *Springer v. Fairfax County Sch. Bd.,* 134 F.3d 659, 667 (4th Cir.1998).

This is the exact problem Plaintiff has caused in this case through pursuit of additional expert testimony. In short, the general consensus is that the IDEA's "additional evidence" provision is limited, and the decision of whether to allow additional evidence is discretionary with the district court. Even the Sixth Circuit, which has refused to adopt the *Town of Burlington* standard, stated that the determination of which additional evidence to allow rests within the sound discretion of the court, "which should take care to limit additional evidence to what is necessary . . ." *Deal v. Hamilton County Bd. of Educ.*, 392 F.3d 840, 850 (6th Cir.2004).

In addition, the Fifth Circuit has cited approvingly to *Town of Burlington* on the issue of the district court's standard of review in IDEA cases. *See Teague Indep. Sch. Dist. v. Todd L.*, 999 F.2d 127, 131 (5th Cir. 1993) (holding that a district court's review of the hearing officer's decision is "virtually *de novo*"). It is this holding which Plaintiff argues requires this Court allow Dr. Spencer's expert testimony, but Plaintiff is mistaken. The Court agrees with Plaintiff that Fifth Circuit law is

clear on the standard of review of the hearing officer's findings. Such a review is to be virtually *de novo* and requires the Court to reach an independent decision based on a preponderance of the evidence. *See id.*; *Cypress–Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 252 (5th Cir. 1997). Contrary to Plaintiff's assertion, however, merely stating that the district court's review is *de novo* does not compel the Court to accept the expert testimony Plaintiff requests. This is the argument Plaintiff makes vehemently and it is simply incorrect. Rather, the Fifth Circuit has explicitly stated "the district court *may* take additional evidence." *Id.* (emphasis added).[2]

In August, 2008, Plaintiff was placed in the seventh grade at Brady Middle School by the Admission, Review, and Dismissal ("ARD") committee. Compl. at ¶ 7. Following the 2008-2009 school year, Plaintiff filed an administrative complaint in July, 2009. *Id.* at ¶6. Plaintiff called fourteen witnesses at the administrative hearing, including five experts. The administrative decision was entered on November 30, 2009. Well over halfway through Plaintiff's eighth grade year at Brady Middle School, on March 1, 2010, Plaintiff filed this suit appealing the administrative decision. As discussed above, the Court, in the interest of resolving this issue quickly so that Plaintiff's schooling would have minimal interruption, held a status conference on July 19, 2010 and offered to accelerate the trial schedule. While Defendant was amenable to such a schedule, Plaintiff requested additional time. Thus, the Court now has set this case for trial in April, 2011, which will mean Plaintiff has been through three years of school before this case is resolved.

---

[2] The Fifth Circuit has admittedly been inconsistent with this statement, occasionally stating the district court "*must* take additional evidence." *Houston Indep. Sch. Dist. v. Bobby R.*, 200 F.3d 341, 347 (5th Cir. 2000) (emphasis added). However, whether the Court may or must take additional evidence does not resolve the lack of Fifth Circuit law on the issue of what constitutes "additional evidence." As discussed above, under *Town of Burlington*, additional means supplemental and would not include expert testimony which should have been presented at the administrative hearing but was not.

The Court also notes that the administrative record consists of three volumes totaling approximately 1,500 pages. The Court simply does not need to admit the testimony of an additional expert in order to determine whether Plaintiff was denied a Free Appropriate Public Education when Defendant changed her placement from the San Angelo ISD Regional Day School for the Deaf to a life skills classroom on the Brady Middle School campus for the 2008-2009 school year.[3] More importantly, Dr. Spencer's testimony regarding Plaintiff's present condition is immaterial to whether the decision of the administrative hearing officer was correct over one year ago. To allow new expert testimony at this stage would make the administrative hearing a nullity—there would be no need to present one's best case at the administrative hearing if one could simply patch up all the holes in the district court. *See D.A. v. Houston Indep. Sch. Dist.*, 716 F. Supp. 2d 603, 616 (noting that the additional evidence allowed is limited in order "to protect the role of the administrative hearing as the primary forum in which to resolve disputes . . . [and] to avoid turning the administrative hearing into a 'mere dress rehearsal'") (quoting *Schaffer v. Weast*, 554 F.3d 470, 476 (4th Cir. 2009). As both sides admitted at the hearing in this Court in December, 2010, Plaintiff's condition has changed since the ARD in 2008 and the administrative hearing in 2009. While Plaintiff's present condition is certainly relevant for determining her placement for future school years, it has no bearing on this Court's decision regarding the administrative hearing and Plaintiff's placement in 2008.

---

[3] The Court is unimpressed by Plaintiff's claims of an "exhaustive process" to find an expert in deaf education and the inability to find such an expert for the hearing who would testify against a public education entity. Pl. Resp. at 7. The city of Austin is the home of the Texas School for the Deaf, the state school for educating deaf Texans since 1857. Texas School for the Deaf, http://www.tsd.state.tx.us/about/index.html. If experts in deaf education can be found anywhere, they can surely be found in Austin. The Court notes that Plaintiff's difficulty in obtaining an expert who will testify against a public education entity is different than unavailability of a witness. Just because one cannot find an expert who will testify as one wishes does not mean experts in the field are unavailable.

In short, Plaintiff had ample opportunity to develop this case at the administrative hearing. The case was, in fact, adequately presented by Plaintiff at the administrative hearing. Thus, the review, virtually *de novo* as the Fifth Circuit clearly requires, can occur solely on the administrative record and the parties' arguments at trial without the submission of additional, and irrelevant, expert testimony. In accordance with the foregoing,

IT IS ORDERED that Defendant's Motion to Exclude Testimony of Plaintiff's Expert Patricia Spencer and Motion to Limit Scope of Trial is GRANTED. Plaintiff's Expert, Patricia Spencer, will not testify in this trial. The trial is limited to the administrative record and the parties' arguments.

SIGNED this the 18th day of January 2011.

                                                               /s/ Sam Sparks
                                                               SAM SPARKS
                                                               UNITED STATES DISTRICT JUDGE